<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KATHLEEN BASARA and CHESTER BASARA, h/w, | : | Hon. Joseph H. Rodriguez |
| Plaintiffs, | : | Civil Action No. 10-1411 |
| v. | : | |
| CBRL GROUP, INC. d/b/a CRACKER BARREL OLD COUNTRY STORE, INC., ABC CORPORATION (1-100) (a fictitious name for a presently unknown and unidentified corporation), JOHN DOES (S), DEF CORPORATION (1-100) (a fictitious name for a presently unknown and unidentified individual/corporation) | : | **MEMORANDUM OPINION AND ORDER** |
| Defendants | : | |
| CBRL GROUP, INC. doing business as CRACKER BARREL OLD COUNTRY STORE, INC. | : | |
| Defendant/Third-Party Plaintiff | : | |
| v. | : | |
| SCHOOR DEPALMA, INC. doing business as CMX, INC., JOHN DOE (1-10), | : | |
| Third-Party Defendants. | | |

**RODRIGUEZ**, Senior District Judge

This matter comes before the Court on Defendant/Third-Party Plaintiff CBOCS, Inc., i/s/a CBRL Group, Inc.'s motion for default judgment [Dkt. Entry No. 25] against Third-Party Defendant Schoor Depalma, Inc. d/b/a CMX, Inc. For the reasons discussed below, the motion will be denied.

**I. Background**

According to Plaintiffs' complaint, on or about July 27, 2008, Plaintiff tripped and

1

fell on uneven pavement at a Cracker Barrel store in Mt. Laurel, New Jersey. Plaintiffs filed a complaint against Defendant/Third-Party Plaintiff CBOCS, Inc., naming CBOCS as "CBRL Group, Inc." (hereinafter "Cracker Barrel"), in the Superior Court of New Jersey, Camden County, on March 9, 2010. Cracker Barrel removed to this court on diversity grounds on March 18, 2010. On September 13, 2010, Cracker Barrel filed an Amended Answer and Third-Party Complaint against Third-Party Defendant Schoor Depalma, Inc. d/b/a CMX, Inc. ("Schoor") [9]. Plaintiffs and Cracker Barrel settled their dispute and a Stipulation and Order of Dismissal as to Cracker Barrel was entered by the Court on January 20, 2011.

In its Third-Party Complaint against Schoor, Cracker Barrel alleges that Schoor provided to Cracker Barrel engineering and/or surveying services for the Cracker Barrel Restaurant Store #484 property located in Mt. Laurel, New Jersey (the "Mt. Laurel Cracker Barrel Store"). (Third-Party Compl. ¶ 1a.) Schoor failed to provide proper engineering and/or surveying services for the Mt. Laurel Cracker Barrel Store and failed and refused to correct its deficient work. (Id. at ¶ 1g.) Cracker Barrel incurred engineering costs for the redesign of the ramps at the premises and for construction costs to remediate the ramps designed by Schoor. (Id. at ¶ 1h.) Cracker Barrel asserts that its rights against Schoor arise from a breach of contract and under the New Jersey Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1, et. seq.

On February 22, 2011, the Court entered a Notice of Call for dismissal as to Cracker Barrel's Third-Party Complaint pursuant to Local Rule 41.1(a) and Fed. R. Civ. P. 4(m) due to 120 days of inactivity and failure to prosecute [14]. Counsel for Cracker Barrel filed an Affidavit of Good Faith on February 24, 2011, asserting that Cracker Barrel

2

was preparing to request default as against Schoor should Schoor fail to answer [15]. In that affidavit, Counsel for Cracker Barrel indicated that Counsel had learned that CMX, Inc. was in bankruptcy. (Aff. of Scott A. Lazar ¶ 2.)[1] On June 30, 2011, the Court entered an Order to Show Cause why this case should not be dismissed for lack of prosecution, noting that despite Counsel's previously expressed intention to request default, an additional 120 days had passed with no proceedings having been taken [16]. Cracker Barrel then requested default on July 13, 2011; the Clerk, however, denied Cracker Barrel's request because a summons was never issued for Cracker Barrel's Third-Party Complaint against Schoor.

    Cracker Barrel requested a summons on July 14, 2011 and the summons was issued on the following day [19, 20]. On July 21, 2011, Cracker Barrel submitted an Affidavit of Service, indicating that service was made on Plaintiff attorney David S. Rochman [21]. Following another Notice of Call for dismissal on November 16, 2011 [22], Cracker Barrel requested default on November 23, 2011, and the Clerk entered default on that date. Cracker Barrel then moved for Default Judgment on December 14, 2011 [25]. On June 6, 2012, this Court entered an Order denying the Motion for Default Judgment due to a question of proper service upon Schoor and vacated default [26]. Proper proof of service having been filed, indicating service upon Schoor on September 23, 2010, with Cracker Barrel's November 23, 2011 Request for Default, the Court vacated its June 6, 2012 Order on June 19, 2012 and reopened the present motion.

---

[1] No other information regarding this bankruptcy has been provided to the Court.

3

## II. Discussion

### A. Standard of Review for Default Judgment

A party is not entitled to the entry of a judgment of default as of right, because the entry of such a judgment is left primarily to the discretion of the district court. Hritz v. Woma, 732 F.2d 1178, 1180 (3d Cir. 1984). Defendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages. See 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998). The Court need not accept Plaintiff's legal conclusions, because "[e]ven after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Id. § 2688, at 63. See also DirecTV v. Croce, 332 F. Supp. 2d 715, 717 (D.N.J. 2004).

Before entering a judgment of default, a court must consider: (1) whether there would be prejudice to the plaintiff if no default judgment was entered; and (2) whether a meritorious defense has been asserted by the defendant. See Livingston Powdered Metal, Inc. v. NLRB, 669 F.2d 133, 136 (3d Cir. 1982); Medunic v. Lederer, 533 F.2d 891, 894 (3d Cir. 1976). Whether the default was willfully caused by the defendant is also a relevant factor. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951). In considering these factors, a court must apply a standard of liberality so that any doubt is resolved in favor of hearing claims on their merits. Medunic, 533 F.2d at 894.

### B. Analysis

#### 1. Propriety of Default Judgment in This Case

The Court finds that the entry of a judgment of default is merited here because

Cracker Barrel will be prejudiced if no default judgment is entered, as it has no other means of vindicating its claim against Schoor. Schoor has not responded to Cracker Barrel's Third-Party Complaint. In addition, Schoor has not asserted any meritorious defense to Cracker Barrel's claims, nor have they offered any excusable reason for default. Accordingly, default judgment is appropriate in this case. The Court next looks to the legal sufficiency of Cracker Barrel's claims.

**2. Whether Plaintiff States a Cause of Action**

Cracker Barrel's Third-Party Complaint states claims arising out of a breach of contract. "Conclusions drawn with respect to the legal effect of any agreement . . . are questions of law." ATACS Corp. v. Trans World Communications, Inc., 155 F.3d 659, 665 (3d Cir. 1998); See also, Chemtech Intern., Inc. v. Chemical Injection Technologies, Inc., 170 Fed. Appx. 805, 808 (3d Cir. 2006) ("Stating that a contract was breached is stating a legal conclusion"). Thus, before granting default judgment, the Court must consider whether Cracker Barrel's factual allegations make out a claim for breach of contract, which is a legal conclusion.

In its Third-Party Complaint, Cracker Barrel alleges few facts regarding the alleged contract with Schoor. Aside from the factual allegations discussed above, Cracker Barrel's allegations against Schoor include the following:

> b. Any obligation imposed upon [Cracker Barrel] to respond in damages could only be as a result of operation of law . . . whereas the actual fault or negligence was against [Schoor] . . . .
>
> e. [Cracker Barrel] is entitled to a determination of the percentage of shares of responsibility of [Schoor], whose fault contributed to the claimed injuries and damages . . . .
>
> f. Arising out of the relationship between the parties is a contractual

5

>obligation entitling [Cracker Barrel] to indemnification from [Schoor] . . . .
>
>i. [Schoor] was required to name [Cracker Barrel] as an additional insured on its policy of insurance, and breached their agreement by failing to do so.

(Third-Party Compl. ¶ 1.) These contentions are not mere factual allegations; rather, they are conclusions of law and determinations as to the legal obligations and entitlements of the parties under an agreement. As such, these allegations are neither admitted to by Schoor nor presumptively accepted by the Court.[2]

Cracker Barrel has not provided the agreement in question as part of its motion, nor has it alleged or identified the provisions, conditions or terms of an agreement which form the basis for its claimed entitlements as against Schoor. Even accepting Cracker Barrel's factual allegations, the Court does not have sufficient information to determine whether Schoor breached any agreement with Cracker Barrel or that an enforceable agreement actually existed.

Even were such a determination possible, however, the Court cannot enter default judgment on this record. Counsel for Cracker Barrel has indicated that CMX, Inc. entered bankruptcy. This Court has no information concerning the status of any bankruptcy proceeding and cannot enter a damages judgment against CMX, Inc. if it is engaged in a bankruptcy action. In sum, the Court has numerous questions and insufficient information as to the propriety and ability to enter a judgment in this case. Accordingly, the motion for default judgment will be denied.

---

[2] Cracker Barrel also alleges that "[Schoor] . . . is obligated . . . under the New Jersey Tortfeasors Contribution Act . . . for their pro rata share of any judgment." This, too, is a legal conclusion, as are conclusions regarding Schoor's negligence or fault.

### **III. Conclusion**

The Court having considered Defendant/Third-Party Plaintiff's written submission, and for the reasons discussed above,

IT IS on this 2nd day of July 2012 hereby ORDERED that the motion for default judgment [25] is DENIED.

                                                              /s/Joseph H. Rodriguez
                                                            Hon. Joseph H. Rodriguez
                                                            United States District Judge