UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

KATHLEEN BASARA and CHESTER BASARA, h/w,
Plaintiffs,

v.

CBRL GROUP, INC. d/b/a CRACKER BARREL OLD COUNTRY STORE, INC., ABC CORPORATION (1-100) (a fictitious name for a presently unknown and unidentified corporation), JOHN DOES (S), DEF CORPORATION (1-100) (a fictitious name for a presently unknown and unidentified individual/corporation)
Defendants

CBRL GROUP, INC. doing business as CRACKER BARREL OLD COUNTRY STORE, INC.
Defendant/Third-Party Plaintiff

v.

SCHOOR DEPALMA, INC. doing business as CMX, INC., JOHN DOE (1-10),
Third-Party Defendants.

Hon. Joseph H. Rodriguez

Civil Action No. 10-1411

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant/Third-Party Plaintiff CBOCS, Inc., i/s/a CBRL Group, Inc.'s motion for default judgment [Dkt. Entry No.31] against Third-Party Defendant Schoor Depalma, Inc. d/b/a CMX, Inc. For the reasons discussed below, the motion will be granted as to liability.

## I. Background

According to Plaintiffs' complaint, on or about July 27, 2008, Plaintiff tripped and

fell on uneven pavement at a Cracker Barrel store in Mt. Laurel, New Jersey. Plaintiffs filed a complaint against Defendant/Third-Party Plaintiff CBOCS, Inc., naming CBOCS as "CBRL Group, Inc." (hereinafter "Cracker Barrel"), in the Superior Court of New Jersey, Camden County, on March 9, 2010. Cracker Barrel removed to this court on diversity grounds on March 18, 2010. On September 13, 2010, Cracker Barrel filed an Amended Answer and Third-Party Complaint against Third-Party Defendant Schoor Depalma, Inc. d/b/a CMX, Inc. ("Schoor") [9]. Plaintiffs and Cracker Barrel settled their dispute and a Stipulation and Order of Dismissal as to Cracker Barrel was entered by the Court on January 20, 2011.

The procedural history detailing Cracker Barrel's attempts to prosecute the Third Party Complaint must be recounted here to explain the reasons underscoring the age of this case; the Court recounts the following excerpt from its July 2, 2012 Opinion denying Cracker Barrel's Motion for Default Judgment. In its Third-Party Complaint against Schoor, Cracker Barrel alleges that Schoor provided to Cracker Barrel engineering and/or surveying services for the Cracker Barrel Restaurant Store #484 property located in Mt. Laurel, New Jersey (the "Mt. Laurel Cracker Barrel Store"). (Third-Party Compl. ¶ 1a.) Schoor failed to provide proper engineering and/or surveying services for the Mt. Laurel Cracker Barrel Store and failed and refused to correct its deficient work. (Id. at ¶ 1g.) Cracker Barrel incurred engineering costs for the redesign of the ramps at the premises and for construction costs to remediate the ramps designed by Schoor. (Id. at ¶ 1h.) Cracker Barrel asserts that its rights against Schoor arise from a breach of contract and under the New Jersey Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1, et. seq.

On February 22, 2011, the Court entered a Notice of Call for dismissal as to

Cracker Barrel's Third-Party Complaint pursuant to Local Rule 41.1(a) and Fed. R. Civ. P. 4(m) due to 120 days of inactivity and failure to prosecute [14]. Counsel for Cracker Barrel filed an Affidavit of Good Faith on February 24, 2011, asserting that Cracker Barrel was preparing to request default as against Schoor should Schoor fail to answer [15]. In that affidavit, Counsel for Cracker Barrel indicated that Counsel had learned that CMX, Inc. was in bankruptcy. (Aff. of Scott A. Lazar ¶ 2.) On June 30, 2011, the Court entered an Order to Show Cause why this case should not be dismissed for lack of prosecution, noting that despite Counsel's previously expressed intention to request default, an additional 120 days had passed with no proceedings having been taken [16]. Cracker Barrel then requested default on July 13, 2011; the Clerk, however, denied Cracker Barrel's request because a summons was never issued for Cracker Barrel's Third-Party Complaint against Schoor.

Cracker Barrel requested a summons on July 14, 2011 and the summons was issued on the following day [19, 20]. On July 21, 2011, Cracker Barrel submitted an Affidavit of Service, indicating that service was made on Plaintiff attorney David S. Rochman [21]. Following another Notice of Call for dismissal on November 16, 2011 [22], Cracker Barrel requested default on November 23, 2011, and the Clerk entered default on that date. Cracker Barrel then moved for Default Judgment on December 14, 2011 [25]. On June 6, 2012, this Court entered an Order denying the Motion for Default Judgment due to a question of proper service upon Schoor and vacated default [26]. Proper proof of service having been filed, indicating service upon Schoor on September 23, 2010[1], with

[1] Schoor was also served on July 15, 2011. [22, 31-4]

Cracker Barrel's November 23, 2011 Request for Default, the Court vacated its June 6, 2012 Order on June 19, 2012 and reopened the present pending motion for default judgment.

On July 2, 2012, the Court again denied Cracker Barrel's Motion for Default Judgment because of the suggestion that Schoor was in bankruptcy. [28]. Cracker Barrel avers that the Schoor is not in bankruptcy; rather it has been acquired by Birdsall Services Group and/or Berwind Property Group, Inc ("Birdsall"). See Aff. Of Good Faith of Marc Schuley, Esq., ¶ 5. As a result, the Court may now consider the Motion for Default Judgment.

## II. Discussion

### A. Standard of Review for Default Judgment

Plaintiffs move for Default Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. Rule 55 provides, in relevant part:

> **(a) Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>
> **(b) Judgment.** Judgment by default may be entered as follows:
>
> **(1) By the Clerk.** When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
>
> **(2) By the Court.** In all other cases the party entitled to a judgment by default shall apply to the court therefor . . . .

Fed. R. Civ. P. 55. Under Rule 55, "the entry of default is an essential predicate to any

default judgment." DeTore v. Local No. 245 of the Jersey City Pub. Employees Union, 511 F. Supp. 171, 176 (D.N.J. 1981).

Prior to the court's issuance of a default judgment against a defendant, the Clerk of the Court must make an entry of the defendant's default. Fed. R. Civ. P. 55(a); See also Heard v. Caruso, 351 Fed. Appx. 1, 15-16 (6th Cir. 2009). The entry of a default is primarily a matter of judicial discretion, and the Third Circuit has "repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted); see also Super 8 Motels, Inc. v. Kumar, No. 06-5231, 2008 WL 878426 (D.N.J. Apr. 1, 2008). Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against "a properly served defendant who fails to plead or otherwise defend an action." La. Counseling and Family Servs. v. Makrygialos, LLC., 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n. 9 (3d Cir. 1990) ("When a defendant fails to appear . . . the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred").

A party is not entitled to the entry of a judgment of default as of right, because the entry of such a judgment is left primarily to the discretion of the district court. Hritz, 732 F.2d at 1180. Furthermore, defendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages. See 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998 and Supp. 2013). The Court need not accept Plaintiff's legal conclusions, because "[e]ven after

default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Id. § 2688, at 63. See also DirecTV v. Decroce, 332 F. Supp. 2d 715, 717 (D.N.J. 2004).

Before entering a judgment of default, a court must consider: (1) whether there would be prejudice to the plaintiff if no default judgment was entered; and (2) whether a meritorious defense has been asserted by the defendant, and (3) whether the defendant's own culpable conduct caused his delay in responding to the Complaint. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). In considering these factors, a court must apply a standard of liberality so that any doubt is resolved in favor of hearing claims on their merits. Medunic v. Lederer, 533 F.2d 891, 894 (3d Cir. 1976).

In the absence of sufficient evidentiary support, the Court may order or permit the plaintiff to provide additional evidence to support his or her allegations, See, e.g., Rose Containerline, Inc. v. Omega Shipping Co., Inc., Civil No. 10-4345, 2011 WL 1564637, at *3 (D.N.J. Apr. 25, 2011) (ordering the plaintiff to "provide the Court with additional clarifying information to justify the damages sought"); Bridges Fin. Group, Inc. v. Beech Hill Co., Inc., Civil No. 09-2686, 2011 WL 1485435, at *5 (D.N.J. Apr. 18, 2011) (permitting the plaintiff to "file supplemental documentation regarding its claim for interest and reasonable attorneys' fees and costs"). The Court may also conduct hearings to ascertain the amount of damages owed to the plaintiff. Fed. R. Civ. P. 55(b)(2).

However, the Court is not required to conduct such hearings "as long as it ensures that there is a basis for the damages specified in the default judgment." Trucking Employees of North Jersey Welfare Fund, Inc.-Pension Fund v. Caliber Auto Transfer,

Inc., Civil No. 08-2782, 2009 WL 3584358, at *3 (D.N.J. Oct. 27, 2009) (quoting Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). For example, courts have held that hearings are unnecessary where "detailed affidavits and documentary evidence" have been submitted to support the plaintiff's claim for damages. See Tamarin v. Adam Caterers, 13 F.3d 51, 54 (2d Cir. 1993). Additionally, if the damages are for a "sum certain or for a sum which can by computation be made certain, a further evidentiary inquiry is not necessary and a district court may enter final judgment." Bds. of Trs. Of the Operating Eng'rs Local 825 Welfare Fund v. Robert Silagy Landscaping, Inc., Civil No. 06-1795, 2006 U.S. Dist. LEXIS 82475, at *9 (D.N.J. Nov. 9, 2006).

**B. Analysis**

**1. Propriety of Default Judgment in This Case**

The Court finds that the entry of a judgment of default is merited here because Cracker Barrel will be prejudiced if no default judgment is entered, as it has no other means of vindicating its claim against Schoor. Cracker Barrel has demonstrated that Schoor was properly served, has not responded to Cracker Barrel's Third-Party Complaint, and that the Clerk entered default as required under Rule 55(b)(1). In addition, Schoor has not asserted any meritorious defense to Cracker Barrel's claims, nor have they offered any excusable reason for default. Moreover, given that Schoor appears to have been acquired by Birdsall, a judgment against Schoor may be the only way for Cracker Barrel to seek relief. See Nieves v. Bruno Sherman Corp., 86 N.J. 361 (1981) (where a successor corporation represents itself as in effect a continuation of the original enterprise, a plaintiff would not be estopped from pursing liability).

Accordingly, default judgment is appropriate in this case. The Court next looks to the legal sufficiency of Cracker Barrel's claims.

**2. Whether Plaintiff States a Cause of Action**

Cracker Barrel's Third-Party Complaint states claims arising out of a breach of contract. "Conclusions drawn with respect to the legal effect of any agreement . . . are questions of law." ATACS Corp. v. Trans World Communications, Inc., 155 F.3d 659, 665 (3d Cir. 1998); See also, Chemtech Intern., Inc. v. Chemical Injection Technologies, Inc., 170 Fed. Appx. 805, 808 (3d Cir. 2006) ("Stating that a contract was breached is stating a legal conclusion"). Thus, before granting default judgment, the Court must consider whether Cracker Barrel's factual allegations make out a claim for breach of contract, which is a legal conclusion.

In its Third-Party Complaint, Cracker Barrel alleges few facts regarding the alleged contract with Schoor. Aside from the factual allegations discussed above, Cracker Barrel's allegations against Schoor include the following:

> b. Any obligation imposed upon [Cracker Barrel] to respond in damages could only be as a result of operation of law . . . whereas the actual fault or negligence was against [Schoor] . . . .
>
> e. [Cracker Barrel] is entitled to a determination of the percentage of shares of responsibility of [Schoor], whose fault contributed to the claimed injuries and damages . . . .
>
> f. Arising out of the relationship between the parties is a contractual obligation entitling [Cracker Barrel] to indemnification from [Schoor] . . . .
>
> i. [Schoor] was required to name [Cracker Barrel] as an additional insured on its policy of insurance, and breached their agreement by failing to do so.

(Third-Party Compl. ¶ 1.) These contentions are not mere factual allegations; rather, they are conclusions of law and determinations as to the legal obligations and

entitlements of the parties under an agreement. As such, these allegations are neither admitted to by Schoor nor presumptively accepted by the Court.[2]

Cracker Barrel has provided the agreement in question as part of its motion. The agreement states that:

> Schoor DePalma agrees subject to the provisions herein, to indemnify and hold Client harmless from any damage, liability or costs including reasonable attorneys' fees and cost of defense to the extent caused by Schoor DePalma's negligent acts, errors or omissions and those of his or her contractors, subcontractors or consultants or anyone for whom Schoor DePalma is legally liable in the performance of professional services under this agreement. Cracker Barrel (Client) is not obligated to indemnify Schoor DePalma for Schoor DePalma's own negligence. The Client agrees to indemnify and hold Schoor DePalma harmless from any damage, liability or cost including reasonable attorneys' fees and cost of defense to the extent caused by the Client's negligent acts, errors or omissions and those of his or her contractors, subcontractors or consultants or anyone for whom the Client is legally liable. Schoor DePalma is not obligated to indemnify the Client for the Client's own negligence."

Def. Ex. A, General Conditions of Service, ¶ 7.

In addition the agreement sets out damages provisions, with a Limitation of Liability for $100,000.00. Id. at ¶ 8. The Court finds that Cracker Barrel is entitled to a default judgment because the Court accepts, as true, Cracker Barrel's factual allegations, that Schoor provided to Cracker Barrel engineering and/or surveying services for the Cracker Barrel Restaurant Store #484 property located in Mt. Laurel, New Jersey (the "Mt. Laurel Cracker Barrel Store"). Schoor failed to provide proper engineering and/or surveying services for the Mt. Laurel Cracker Barrel Store and failed and refused to

---

[2] Cracker Barrel also alleges that "[Schoor] . . . is obligated . . . under the New Jersey Tortfeasors Contribution Act . . . for their pro rata share of any judgment." This, too, is a legal conclusion, as are conclusions regarding Schoor's negligence or fault.

correct its deficient work, causing Cracker Barrel to incur engineering costs for the redesign of the ramps at the premises and for construction costs to remediate the ramps designed by Schoor. Schoor was required to name Cracker Barrel as an additional insured on its policy of insurance and failed to do so. Accepting Cracker Barrel's factual allegations as true, under the terms of this agreement, Cracker Barrel makes out a claim of indemnification and or breach of contract against Schoor and default judgment on liability is appropriate.

**3. Damages**

The Court reserves decision on damages, reasonable attorneys' fees, and costs, because Cracker Barrel lacks sufficient evidentiary support to justify the damages and requests a hearing on the matter.

## III. Conclusion

The Court having considered Defendant/Third-Party Plaintiff's written submission, and for the reasons discussed above,

IT IS on this 11th day of July 2013 hereby ORDERED that the motion for default judgment [31] is GRANTED as to liability only; and it is further

ORDERED that Defendant/Third-Party Plaintiff Cracker Barrel shall submit to the Court any additional information justifying damages, including, but not limited to, a list of witnesses, witness affidavits, the medical bills and records, a calculation of damages, and any other documentation or proof for consideration no later than July 19, 2013. Upon review of the submission, the Court will schedule a damages hearing.

S/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez,
United States District Judge